## John Gilmore *et al.* versus George R. Wilbur *et al.*

In an action for wood sold, the plaintiff having proved that the defendant had con-
tracted to cut wood on the plaintiff's land, and that the defendant had admitted that
he had cut wood, and that he owed the plaintiff therefor, the defendant alleged that
the wood cut by him grew on the adjoining land of a third person. It was *held,*
that the burden of proof was on the plaintiff to show that the wood was cut on his
land, and not on the defendant to show that it was cut on the adjoining land.

Assumpsit for wood alleged to have been cut on the plain-
tiffs' land.

At the trial of this case, before *Morton* J., the plaintiffs
produced in evidence certain deeds by which a parcel of land,
called lot No. 12, in Plymouth woods, was conveyed to them.

Melvin Gilmore, who was called as a witness by the plain-
tiffs, testified, that about the year 1825, which was subsequent
to such conveyances, the plaintiffs being absent from the State,
George R. Wilbur, one of the defendants, applied to him, as
agent of the plaintiffs, for the purchase of wood to be cut and
converted into coals ; and that the witness assented to his cut-
ting it.    The plaintiffs also proved the confessions of the de-
fendants, that they had cut wood, which had been converted
into coal, and had carried it to a furnace, and that they owed
the plaintiffs for it.

The defendants admitted a contract with the plaintiffs, and
that they had cut wood in Plymouth woods, but not on the
plaintiffs' land ; and the question at the trial was, whether the
defendants cut the wood on lot No. 12, or on lot No. 11,
which belonged to the father of the defendants.    The plaintiffs
contended, that upon this question, the burden of proof was on
the defendants ; but the judge ruled that it was on the plaintiffs.

The jury returned a verdict for the defendants ; and the
plaintiffs excepted to the ruling of the court.

*Eddy* and *A. Bassett*, for the plaintiffs, cited *Vibbard* v.

*Johnson*, 19 Johns. R. 77 ; *Lane* v. *Crombie*, 12 Pick. 177 ; 1 Stark. on Evid. 376.

*Warren*, *Coffin* and *Lothrop*, for the defendants, cited *Attleborough* v. *Middleborough*, 10 Pick. 378 ; *Smith* v. *Taylor*, 4 Bos. & Pull. 210.

Putnam J. afterward drew up the opinion of the Court. The plaintiffs undertook to prove two things : 1. That the defendants cut and coaled the wood ; and 2. That it was upon the plaintiffs' land.

They began by offering in evidence the deeds of lot No. 12, which they claim ; and they proved by the confessions of the defendants, that the defendants cut wood and made it into coal, carried it to market for their own account, and owed the plaintiffs for it. Thus they made out a good *primâ facie* case. On the other hand, the defendants introduced evidence to rebut the testimony which was offered by the plaintiffs, tending to show, that the defendants were mistaken in respect to the acknowledgments which they had made, and that they cut the wood on lot No. 11, which adjoined the plaintiffs' land, and which belonged to another person. And upon the whole evidence the jury were satisfied, that the plaintiffs had not sustained the burden of proof which the judge determined to rest upon them ; and the verdict was given for the defendants.

The plaintiffs contend, that under the circumstances, the court should have instructed the jury, that the plaintiffs were entitled to recover unless the defendants proved that they cut the wood on lot No. 11 ; and if so, the verdict should be set aside, and a new trial should be granted.

But we think there is a fallacy in the plaintiffs' argument. It consists in this  They take it for granted that they had proved a conclusive case. As, for example, if the action had been upon a note or bond, and the defendants had pleaded payment or release, thereby admitting the execution of the note or bond ; in which case the burden of proof undoubtedly would rest upon the defendants to prove the payment or the release. Or, as in trespass for an assault and battery and imprisonment, and a plea in justification, that the defendant arrested the plaintiff in virtue of a writ or warrant against him ; there the defendant admits conclusively, that he made the assault, &c. and must prove that he had a legal writ or warrant.

Another case will illustrate this matter. Suppose one should sue another on a promissory note. He would be bound to prove the signature. Suppose the defence to be made on the ground that the signature was a forgery, and the plaintiff should offer evidence tending to show that it was genuine, and, among the proofs, should show that, on some occasion, the defendant himself had acknowledged the signature ; yet the defendant would be permitted to rebut the evidence so introduced by the plaintiff. The defendant might explain the circumstances under which he made the acknowledgment of the genuineness of the signature, and show that he was mistaken. And, after all this, the burden of proof would not change ; it would continue upon the plaintiff ; and if he could not satisfy the jury that the signature was genuine, he could not and ought not, by law, to recover.

The case of *Vibbard* v. *Johnson*, 19 Johns. R. 77, has been strongly relied upon, in support of the argument for the plaintiffs. In that case, the defendant purchased a chest of tea, and received it from the plaintiff, knowing that it was claimed by another to be his property ; and it was said, that the purchaser, who had voluntarily paid the other claimant for the tea, could not be permitted to set up such a voluntary payment in his defence against the plaintiff, who sold and delivered the property. It was properly held, that the defendant should have waited until the other claimant has established his better right by legal process.

But a most material fact was proved in that case, which is the very subject of controversy in the case at bar, viz. the possession of the thing. If the wood was cut from No. 11, it was not in the possession of the plaintiffs. The plaintiffs' lot lay somewhere in Plymouth woods. They did not go upon the ground and show where the trees were to be cut. If they had, then, according to the case of *Vibbard* v. *Johnson*, they could not set up the title of a third person in defence, until they had been subjected to the payment of damages to such third person. In the case cited the defendant was guilty of a breach of duty. He knew of the adverse claim ; he contracted with and received the goods from the plaintiff, who had the same in his actual possession ; and yet, in violation of his en-

Gilmore
v.
Wilbur.

gagement to pay the plaintiff, he voluntarily paid the adverse claimant.

There are cases where, from the relation existing between the parties, a defendant cannot be permitted to set up a title in a third party, or contest the title of the plaintiff; as in the case of landlord and tenant; so in *Kennedy v. Strong*, 14 Johns. R. 128, where the defendant received the goods as the factor of the plaintiff, he was not permitted to show, that the goods were forfeited by the plaintiff to the United States. He was held properly to account to his principal, and leave the matter of ultimate right to be settled between the principal and the United States.

But no such relation exists in the case at bar. Here the defendants intended to cut the wood upon the plaintiffs' land; but the plaintiffs have no just claim against them, unless the plaintiffs can prove that they have done so. Reverse the case, and suppose that the defendants had paid the money to the plaintiffs at the time when the defendants made their acknowledgment, and that afterwards the owner of lot No. 11 had sued the defendants and compelled them to pay damages for the trespass; and suppose the then defendants to sue the new plaintiffs for money paid by mistake. In that case, the burden would be upon the now defendants to show the mistake, and to satisfy the jury, that they had not cut upon the plaintiffs' land. But in the present posture of the parties, it is just as clear, that to enable the plaintiffs to recover, they must show that the wood was cut upon their own land.

We all think that the direction of the judge who tried the cause was correct, and that the judgment should be rendered for the defendants according to the verdict.